UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.:

RENADE GRANT,
An individual,

    Plaintiff,

-vs-

BSI FINANCIAL SERVICES,
INCORPORATED, a Florida Profit
Corporation and FAY SERVICING,
LLC, a Foreign Limited Liability
Company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RENADE GRANT, by and through the undersigned counsel (*hereinafter* "Plaintiff"), hereby sues Defendants, BSI FINANCIAL SERVICES, INCORPORATED, a Foreign Limited Liability Company (*hereinafter* "BSI") and FAY SERVICING, LLC, a Foreign Limited Liability Company (*hereinafter* "Fay Servicing") (collectively "Defendants") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

### BRIEF INTRODUCTION

1.     This is an action for damages under the Telephone Consumer Protection Act ("TCPA") resulting from Defendants' relentless debt collection calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Under the TCPA, both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[1] However, even where consent is initially provided, the call recipient has the absolute right to revoke consent by any reasonable means, including orally.[2]

3. Importantly, it is Defendants' burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

4. Neither TCPA nor this Action's purpose is to exculpate consumers from accountability, but rather, to hold Defendants liable for its willful ignorance of the statutes and restrictions that place constraints on how Defendants may contact Plaintiff to seek accountability.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and citizen of the State of Florida.

6. Defendant, BSI's principal place of business is in Altamonte Springs, Florida.

7. Defendant, Fay Servicing's principal place of business is in Chicago, Illinois.

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)[3] because this case arises out of violations of federal law.

9. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2), because Defendants transact substantial business in the forum and the violative telephone calls at issue were placed in the forum.

---

[1] See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); see also 47 C.F.R. § 64.1200(a)(2).

[2] See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); Coniglio v. Bank of Am., N.A., No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

## FACTUAL ALLEGATIONS

10. In or about 2009, Plaintiff entered into a loan with Suntrust Mortgage, Inc (*hereinafter* "Suntrust").

11. Suntrust never had consent to contact Plaintiff on his cellular phone number 954-709-2940. *See* Interrogatory response number one (1) attached hereto as **Exhibit "A."**

12. On or around December 2014, Suntrust transferred both the ownership and servicing of the Note to Defendant, BSI.

13. Plaintiff did not and has not expressly consented to Defendant, BSI's robo-calls to Plaintiff's cellphone.

14. Plaintiff did not and has not expressly consented to Defendant, BSI's ATDS calls to Plaintiff's cellphone.

15. Despite never having consent, on or about February 2015, BSI began placing autodialed and/or prerecorded calls to Plaintiff's cellphone number 954-709-2940.

16. Defendant, BSI placed thousands of autodialed and prerecorded phone calls to Plaintiff's cellular phone.

17. In June 2017, BSI then transferred both ownership and servicing of the Note to Defendant, Fay Servicing.

18. Plaintiff did not and has not expressly consented to Fay Servicing's robo-calls to Plaintiff's cellphone.

19. Plaintiff did not and has not expressly consented to Defendant, Fay Servicing's ATDS calls to Plaintiff's cellphone.

20. Again, without consent, on or about June 2017, Defendant, Fay Servicing, another entity, began placing autodialed and/or prerecorded calls to Plaintiff's cellphone number 954-954-709-2940.

21. Defendant, Fay Servicing placed thousands of autodialed and prerecorded phone calls to Plaintiff's cellular phone.

22. It is unclear how Plaintiff's cellular number 954-709-2940 was obtained by any of the entities. However, neither party had consent from Plaintiff to contact his cellular phone.

23. Many of the calls used "an artificial or prerecorded voice" or left pre-recorded messages as described in 47 U.S.C. § 227(b)(1)(A).

24. It is apparent that Defendants' calls to Plaintiff's cellphone were made using an ATDS as defined by 47 U.S.C. § 227(a)(1) for the following reasons:

    i. the number of calls in a short period of time;
    ii. the consistency of calls;
    iii. the number of daily calls;
    iv. the consistent pattern of daily call times;
    v. the long initial silence during each call; and
    vi. the robotic/prerecorded voice used during calls and voicemails.

25. Plaintiff was relentlessly forced to answer unwanted calls, listen to multiple prerecorded voicemails, or at a minimum, have his days and nights interrupted multiple times by unwanted incoming calls.

26. Defendants' repeated calls were not only time consuming, but abusive and harassing, and deprived Plaintiff of his statutorily created right to be free from such continued privacy intrusion.

27. None of Defendant, BSI's phone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

28. None of Defendant, Fay Servicing's phone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

29. Defendant, BSI's telephone calls to Plaintiff's cellphone, which were placed through the use of an "artificial or prerecorded voice," and ATDS for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

30. Defendant, Fay Servicing's telephone calls to Plaintiff's cellphone, which were placed through the use of an "artificial or prerecorded voice," and ATDS for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

31. Upon information and belief, Plaintiff's experience is typical of that of other consumers, and that Defendant, BSI maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

32. Upon information and belief, Plaintiff's experience is typical of that of other consumers, and that Defendant, Fay Servicing maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

33. Based on, amongst other things, the incessant number of calls placed without consent, and the outrageous volume of calls, Defendant, BSI willfully or knowingly violated the TCPA.

34. Based on, amongst other things, the incessant number of calls placed without consent, and the outrageous volume of calls, Defendant, Fay Servicing willfully or knowingly violated the TCPA.

35. As a result of the forgoing, Plaintiff has suffered damages including, without limitation violation of statutorily created rights, invasion of privacy, mental anguish, stress, and interference with employment.

## COUNT I
## VIOLATION OF THE TCPA
### (as to BSI Financial Services Incorporated)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

36. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

37. Defendant continues to make such calls without Plaintiff's consent.

38. Defendant willfully or knowingly violated the TCPA.

39. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant, BSI FINANCIAL SERVICES, INCORPORATED for: $500.00 dollars in statutory damages for each violation of the TCPA; $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA; a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cell phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice; actual damages as provided for in the TCPA; litigation costs; and such other or further relief as the Court deems proper.

## COUNT I
## VIOLATION OF THE TCPA
### (as to Fay Servicing, LLC)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

40. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

41. Defendant continues to make such calls without Plaintiff's consent.

42. Defendant willfully or knowingly violated the TCPA.

43. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant, FAY SERVICING, LLC for: $500.00 dollars in statutory damages for each violation of the TCPA; $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA; a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cell phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice; actual damages as provided for in the TCPA; litigation costs; and such other or further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted this \_\_\_\_ day of October, 2017, by:

ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:    jshaw@zpllp.com
Primary Email:    kslaven@zpllp.com
Secondary E-mail: mperez@zpllp.com
Secondary E-mail  bvillalobos@zpllp.com

_____
JORDAN A. SHAW, ESQ.
Florida Bar No. 111771

identification of documents set forth herein in any subsequent proceeding, trial, or any other action.

9. SunTrust states the relevant time period of its responses includes the period of time from February 1, 2011 through the date of the response by SunTrust to the Interrogatories as provided for in the Instructions of Plaintiffs' First Set of Interrogatories.

II. **SPECIFIC RESPONSES AND OBJECTIONS**

<u>**INTERROGATORIES**</u>

1. Describe in detail how you obtained each and every telephone number belonging to or associated with Plaintiffs, including but not limited to the 2940 number, the 2941 number, and the 2394 number.

> **ANSWER: SunTrust states the only existing creditor debtor relationship between SunTrust Mortgage, Inc. and the Plaintiffs is the mortgage loan as defined by the Plaintiffs' First Set of Interrogatories, which mortgage loan was subsequently assigned. On or about May 12, 2008, Plaintiff Narnike Pierre (the "Borrower") executed and delivered a Uniform Residential Loan Application to SunTrust in connection with the mortgage loan. In the Uniform Residential Loan Application, the Borrower provided a business phone number, (954) 709-2941, and a home phone number, (954) 752-1701. On or about May 21, 2009, the Borrower provided written authorization for her husband, Renald Grant to inquire on all matters concerning the mortgage loan. The written authorization included a cell phone number, (954) 709–2941. On March 24, 2010, Mr. Grant contacted SunTrust regarding loss mitigation options for the mortgage loan and provided a cell phone number, (954) 536-2394, and a home phone number, (954) 752-1701. SunTrust has not yet located a record of the 2940 number in connection with the mortgage loan.**

2. List every telephone call that you made or attempted to make to the Plaintiffs including the date and time of the call or attempted call, the telephone number called, the individual who made the call, the telephone number used to make the call, and the result.

> **ANSWER: SunTrust states the only existing creditor debtor relationship between SunTrust Mortgage, Inc. and the Plaintiffs is the mortgage loan as defined by the Plaintiffs' First Set of Interrogatories, which mortgage loan was subsequently assigned. SunTrust states that under Federal Rule of Civil Procedure 33(d), SunTrust has the option of producing the responsive business records. Accordingly, SunTrust states that it will produce to Plaintiffs responsive documents that are**

3

